## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

IN RE: REQUEST FOR JUDICIAL
ASSISTANCE FROM THE DISTRICT
COURT OF ZURICH IN ZURICH,
SWITZERLAND IN THE MATTER OF          Case No. 1:25-cv-5604
DARIUSZ HENRYK APEK V.
ALEXANDRA CHRISTIANE VON
BUBNOFF

_____ /

## APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782

The United States of America, by and through counsel, petitions this Court for an Order

pursuant to 28 U.S.C. § 1782(a), appointing Krysta M. Stanford, Trial Attorney, at the U.S.

Department of Justice, Civil Division, Office of Foreign Litigation, Commissioner for the

purpose of obtaining financial records from StoneX Group Inc. ("StoneX"). Certain evidence has

been requested by the District Court of Zurich in Zurich, Switzerland ("Swiss Court"), pursuant

to a Letter of Request issued by the Swiss Court in connection with a civil judicial proceeding

captioned *Dariusz Henryk Apek v. Alexandra Christiane von Bubnoff*, Foreign Reference

Number WR250240-O.

The grounds for this Application are more fully articulated in the Memorandum of Law that has been simultaneously filed with the Application. A proposed Order is also provided for the convenience of the Court.

Dated:     May 20, 2025            Respectfully submitted,

                                            ANDREW S. BOUTROS
United States Attorney

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General

ADA E. BOSQUE
Acting Director, Office of Foreign Litigation
United States Department of Justice, Civil Division

By:     /s/Krysta M. Stanford
        KRYSTA M. STANFORD
Trial Attorney
United States Department of Justice, Civil Division
Office of Foreign Litigation
Office of International Judicial Assistance
1100 L Street NW, Room 8024
Washington, DC 20530
Telephone: 202-353-2148
Email: Krysta.M.Stanford@usdoj.gov

2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

---

IN RE: REQUEST FOR JUDICIAL
ASSISTANCE FROM THE DISTRICT
COURT OF ZURICH IN ZURICH,
SWITZERLAND IN THE MATTER OF       Case No. _____
DARIUSZ HENRYK APEK V.
ALEXANDRA CHRISTIANE VON
BUBNOFF

_____ /

## <u>DECLARATION OF TRIAL ATTORNEY KRYSTA M. STANFORD</u>

I, Krysta M. Stanford, pursuant to 28 U.S.C. § 1746, declare as follows:

1.  I am a Trial Attorney at the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance. I make this declaration upon information and belief based upon the attached exhibits and communications received from the District Court of Zurich in Zurich, Switzerland ("Swiss Court"). I make this declaration in support of the Government's request, pursuant to 28 U.S.C. § 1782(a), for an Order appointing me Commissioner for the purpose of obtaining financial records from StoneX Group Inc. ("StoneX").

2.  In connection with a pending judicial proceeding captioned *Dariusz Henryk Apek v. Alexandra Christiane von Bubnoff*, Foreign Reference Number WR250240-O, the Swiss Court issued a Letter of Request seeking information from StoneX. A true and correct redacted copy of the Letter of Request received from the Swiss Court is attached as Exhibit A.

3.  The specific information requested by the Swiss Court is reflected in a subpoena addressed to StoneX, which the United States intends to serve (in substantially similar format)

upon my appointment as Commissioner. A copy of the proposed subpoena is attached as Exhibit

B.

  4. In order to assist the Swiss Court in obtaining the requested information, I

respectfully request that this Court enter the proposed Order attached to the Application

appointing me Commissioner.

  5. No previous application for the relief sought herein has been made.

I declare under penalty of perjury that the foregoing is true and correct.

Washington, D.C.
May 20, 2025

           /s/ Krysta M. Stanford
           Krysta M. Stanford
           Trial Attorney

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

IN RE: REQUEST FOR JUDICIAL
ASSISTANCE FROM THE DISTRICT
COURT OF ZURICH IN ZURICH,
SWITZERLAND IN THE MATTER OF        Case No. _____
DARIUSZ HENRYK APEK V.
ALEXANDRA CHRISTIANE VON
BUBNOFF

_____ /

**GOVERNMENT'S MEMORANDUM OF LAW IN SUPPORT**
**OF APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782**

The United States of America, by and through counsel, submits this Memorandum of

Law in support of the Application for Order,[1] pursuant to 28 U.S.C. § 1782(a), to execute a

Letter of Request from judicial authorities in Zurich, Switzerland, for international judicial

assistance to obtain financial records from StoneX Group Inc. ("StoneX").

**INTRODUCTION**

The request for international judicial assistance comes from the District Court of Zurich

in Zurich, Switzerland ("Swiss Court"). Specifically, the Swiss Court issued a Letter of Request

---

[1] "Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas." *In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976). *See also Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 55 F.4th 469, 474 (5th Cir. 2022) (commenting that "it is not unusual for § 1782(a) applications to be made on an *ex parte* basis to the district court" and holding that the *ex parte* process should not restrict a respondent's legal rights). Note, even though these applications are generally filed *ex parte*, they do not need to be filed under seal. *See, e.g.*, Order denying Motion to Seal U.S.'s Application for Ex Parte Order Appointing Commissioner Pursuant to 28 U.S.C. § 1782, *In re Mut. Assistance of Local Ct. of Wetzlar, Germany*, No. 1:17-mc-00078-SKO, 2018 WL 306678, at *3 (E.D. Cal. Jan. 5, 2018).

seeking assistance to obtain financial records for use in *Dariusz Henryk Apek v. Alexandra Christiane von Bubnoff*, Foreign Reference Number WR250240-O. *See* Declaration of Trial Attorney Krysta M. Stanford, ¶ 2 & Ex. A [hereinafter Stanford Decl.] (Letter of Request received by the Office of International Judicial Assistance on March 19, 2025).

The facts of this case, as stated in the Letter of Request, indicate that this is a civil proceeding in which the Swiss Court is adjudicating the divorce proceedings between the plaintiff and defendant. In order to make its determination, the Court is requesting information regarding financial accounts held by the parties, individually or jointly, during a discrete period of time.

The Swiss Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance in Washington, D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 [hereinafter Hague Evidence Convention]. In order to execute this request for international judicial assistance, authority must be obtained from this Court. 28 U.S.C. § 1782(a).

## ARGUMENT

### I.   THE HAGUE EVIDENCE CONVENTION

The Hague Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose." Hague Evidence Convention pmbl. The Hague Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa,*

482 U.S. 522, 524 (1987). The Hague Evidence Convention is in force in both the United States

and Switzerland. Hague Conference on Private International Law, *Status Table for the*

*Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial*

*Matters*, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last

visited May 19, 2025) (the Hague Evidence Convention entered into force in Switzerland on

January 1, 1995).

  When executing a Letter of Request, the Hague Evidence Convention requires a

Requested Authority to "apply the appropriate measures of compulsion in the instances and to

the same extent as are provided by its internal law for the execution of orders issued by the

authorities of its own country or of requests made by parties in internal proceedings." Hague

Evidence Convention art. 10. Furthermore, Article 9 of the Hague Evidence Convention instructs

that, in executing a Letter of Request, the judicial authority "shall apply its own law as to the

methods and procedures to be followed" and shall execute Letters of Request "expeditiously."

*Id.* at art. 9.

  Under Article VI of the United States Constitution, treaties, such as the Hague Evidence

Convention, are the law of the land, on an equal footing with acts of Congress, and are binding

on the courts. *See Whitney v. Robertson*, 124 U.S. 190, 194 (1888) ("By the constitution, a treaty

is placed on the same footing, and made of like obligation, with an act of legislation."). *See also*

*Reid v. Covert*, 354 U.S. 1, 18 (2000) (acknowledging that the Supreme Court "has also

repeatedly taken the position that an Act of Congress, which must comply with the Constitution,

is on a full parity with a treaty").}

## II.  STATUTORY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE APPLICATION OF THE UNITED STATES

Section 1782 authorizes a district court to order a person who "resides or is found" in that district to produce testimonial, documentary, or physical evidence "for use in a proceeding in a foreign or international tribunal." *Id.* § 1782(a). The statute permits a court to direct that the evidence "be produced[] before a person appointed by the court," who would be empowered to "administer any necessary oath and take the testimony or statement." *Id.* In addition, a § 1782 order "may prescribe the practice and procedure" for producing the document, including the practice and procedure of the requesting tribunal. *Id.* "To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure." *Id.* District courts have repeatedly appointed Department of Justice Attorneys to act as § 1782 commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts. *See, e.g.*, *In re Clerici*, 481 F.3d 1324, 1327 (11th Cir. 2007) (affirming a district court's appointment of an Assistant United States Attorney to obtain sworn answers to questions posed in letters rogatory).

"Section 1782 is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g.*, *In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988) (discussing several historical instances in which Congress has broadened § 1782, each time increasing the statute's ability to provide international judicial assistance), *abrogated on other grounds by Intel.*, 542 U.S. 241.

4

This Court is authorized to provide assistance to the Swiss Court if the three requirements set forth in § 1782 are met. Those requirements are: (1) the person from whom discovery is sought resides or is found in the district; (2) the discovery is for use in a proceeding before a foreign or international tribunal; and (3) the application is made "by a foreign or international tribunal" or "any interested person." 28 U.S.C. § 1782(a). *Accord Tex. Keystone, Inc. v. Prime Nat. Res., Inc.*, 694 F.3d 548, 553 (5th Cir. 2012); *In re Application Pursuant to 28 U.S.C. § 1782 for an Order Permitting Bayer AG to Take Discovery*, 146 F.3d 188, 193 (3d Cir. 1988); *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004) (quoting *In re Application of Esses*, 101 F.3d 873 (2d Cir. 1996)).

Here, each of these threshold statutory requirements is easily met. First, StoneX "resides or is found in" the Northern District of Illinois because the company's legal department is located in Chicago, Illinois. Second, the Letter of Request explains that the requested evidence is "for use in a proceeding before a foreign tribunal" as these financial records are needed to assist the Swiss Court in determining marital assets. *See* Stanford Decl. ¶ 2 & Ex. A. Third, the Letter of Request is made by the Swiss Court, *id.*, which is a "foreign or international tribunal." 28 U.S.C. § 1782(a).

## III.    DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE APPLICATION OF THE UNITED STATES

Although "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so," *Intel*, 542 U.S. at 264, § 1782 "grants district courts wide discretion to determine whether to grant discovery and equally wide discretion to tailor such discovery to avoid attendant problems," *Esses*, 101 F.3d at 876.

The Supreme Court has identified four factors that a court may consider in exercising its wide discretion to grant a § 1782(a) request: (1) whether the person from whom the discovery is

sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, character of the proceedings, and the receptivity of the foreign tribunal to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Intel*, 542 U.S. 264-65.

The statute's "twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts" should guide the Court's analysis. *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992). *See also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general practice of reciprocity."). Here again, each of these discretionary factors weigh in favor of assisting the Swiss Court.

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech*, 748 F. Supp. 2d 522, 526 (E.D. Va. 2010) [hereinafter *In re Svitavy*]. *See also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."); *Palantir Techs., Inc. v. Abramowitz*, 415 F. Supp. 3d 907, 912-13 (N.D. Cal. 2019) (finding that the first factor weighed in favor of granting the § 1782 application because the requesting German court was unable to compel the production of documents and

6

testimony from a party residing or located outside Germany without U.S. court assistance). StoneX is not a party to the proceedings and the evidence held by StoneX appears to be outside the jurisdictional reach of the Swiss Court because StoneX is physically located in Chicago, Illinois and the Swiss Court has formally requested the assistance of the United States pursuant to the Hague Evidence Convention.

With respect to the second factor, there is nothing in the Letter of Request to suggest that this Court should decline to grant the Application based on the nature of the Swiss Court or the character of the proceedings. Additionally, this request was initiated by the Swiss Court and not by an independent party; therefore, the Swiss Court is clearly receptive to the assistance of this Court. *See In re Request for Int'l Jud. Assistance from the Norrkoping Dist. Court, Sweden*, 219 F. Supp. 3d 1061, 1063 (D. Colo. 2015) (holding that because the Swedish court sought judicial assistance from the United States, the second *Intel* factor weighed in favor of disclosure).

With respect to the third factor, because the requester is the Swiss Court, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Swiss discovery rules or to thwart the policies of Switzerland. *See In re Svitavy*, 748 F. Supp. 2d at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). There is also nothing to support a conclusion that the request would thwart the policies of the United States. While the records and information sought by the Swiss Court are held by a United States financial institution, the Right to Financial Privacy Act ("RFPA"), 12 U.S.C. §§ 3401-23, does not apply to this request under § 1782. *See Young v. U.S. Dept. of Justice*, 882 F.2d 633, 638-39 (2d Cir. 1989) (finding RFPA did not apply to Department of Justice attorney who was acting in capacity as a commissioner under § 1782); *In*

*re Letter of Request for Judicial Assistance from Tribunal Civil de Port-Au-Prince*, 669 F. Supp.

403, 407 (S.D. Fla. 1987) (finding RFPA inapplicable to request pursuant to 28 U.S.C. § 1782).

And with respect to the fourth factor, the request seeks information regarding the parties'

accounts during a limited and specified period of time and therefore would not be unduly

intrusive or burdensome. *See, e.g., In re Application of Mesa Power Grp., LLC*, 878 F. Supp. 2d

1296, 1306 (S.D. Fla. 2012) ("[N]o undue burden exists because the discovery requests being

compelled through this Order are sufficiently tailored."). *See also Mees v. Buiter*, 793 F.3d 291,

302 (2d Cir. 2015) ("[W]hether a request is intrusive or burdensome should not be assessed

based on the 'discovery scope' available in the foreign proceeding. Few if any foreign

jurisdictions permit the scope of discovery available in our courts."). Although the *Mees* court

referenced Rule 26 of the Federal Rules of Civil Procedure in analyzing burden, it also cautioned

courts to avoid "speculation" about foreign matters. *Id.* at 298-299. Requiring the United States

to provide information about the cumulative nature of the evidence requested, whether it is

available from other sources, its proportionality, or other factors outlined in Rule 26 would

necessarily involve the kind of speculation prohibited by this precedent when, as here, none of

the parties to the underlying litigation are before the Court. In addition, the Federal Rules of

Civil Procedure governing third-party discovery do not apply to a Commissioner subpoena

issued pursuant to § 1782(a) to the extent that the Court's order provides otherwise, and StoneX

may mitigate any potential burden by seeking relief through an appropriate motion with the

Court. *Letters Rogatory from Tokyo Dist.*, 539 F.2d at 1219.

Accordingly, each of the four discretionary factors set forth in *Intel* favors authorizing

judicial assistance to the Swiss Court.

8

**CONCLUSION**

Attached to the Declaration of Krysta M. Stanford is the proposed subpoena that this office intends to serve (in substantially similar format) on StoneX should the Court grant the Application pursuant to 28 U.S.C. § 1782(a). *See* Stanford Decl. ¶ 3 & Ex. B. We respectfully request that the Court order StoneX to produce the documents directly to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance for transmission to the District Court of Zurich in Zurich, Switzerland. 28 U.S.C. § 1782(a) ("The order may prescribe the practice and procedure . . . for . . . producing the document . . . .").

WHEREFORE, the United States respectfully requests that the Court issue an Order, in the form attached to the Application, appointing Department of Justice Trial Attorney Krysta M. Stanford for the purpose of issuing a subpoena to execute the request for international judicial assistance.

Dated:   May 20, 2025           Respectfully submitted,

ANDREW S. BOUTROS
United States Attorney

YAAKOV M. ROTH
Principal Deputy Assistant Attorney General

ADA E. BOSQUE
Acting Director, Office of Foreign Litigation
United States Department of Justice, Civil Division

By:   /s/ Krysta M. Stanford
       KRYSTA M. STANFORD
       Trial Attorney
       United States Department of Justice, Civil Division
       Office of Foreign Litigation
       Office of International Judicial Assistance
       1100 L Street NW, Room 8024
       Washington, DC 20530
       Telephone: 202-353-2148
       Email: Krysta.M.Stanford@usdoj.gov

9

# EXHIBIT A

# EXHIBIT B

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

_____

IN RE: REQUEST FOR JUDICIAL
ASSISTANCE FROM THE DISTRICT
COURT OF ZURICH IN ZURICH,
SWITZERLAND IN THE MATTER OF          Case No. _____
DARIUSZ HENRYK APEK V.
ALEXANDRA CHRISTIANE VON
BUBNOFF

_____   /

## COMMISSIONER'S SUBPOENA

To:     StoneX
        230 S. LaSalle
        Suite 10-500
        Chicago, IL 60604

I, Krysta M. Stanford, a Trial Attorney for the U.S. Department of Justice, Civil Division,

Office of Foreign Litigation, Office of International Judicial Assistance, acting under the

authority of Title 28, United States Code, Section 1782, for the purpose of rendering judicial

assistance to Switzerland, command that you provide to me evidence for use in a civil lawsuit in

the District Court of Zurich in Zurich, Switzerland in *Dariusz Henryk Apek v. Alexandra*

*Christiane von Bubnoff*, Foreign Reference Number WR250240-O, said evidence being:

- All active, inactive, and closed customer relationships (accounts/custody

  accounts/any other connections) from the period of 1 September 2017 to 27

  August 2019, which are held by either Dariusz Heryk Apel (DOB: 18 January

  1968) or Alexandra Christiane Von Bubnoff (DOB: 13 September 1966), or by

  the parties jointly.

- If no accounts exist, please state as such.

If you cannot produce a requested document (including, *inter alia*, because the document has been lost or destroyed), please provide the facts you rely upon in support of your contention that you cannot do so. To the extent a document is not produced because of an assertion of privilege, please state the specific privilege relied upon. If you object to producing only part of a requested document, please produce that portion of the document you do not object to producing and indicate what portion you have withheld based on an assertion of privilege.

Please produce the requested documents by email to me at Krysta.M.Stanford@usdoj.gov or by mail at the address set forth below no later than _____ (date).

**Krysta M. Stanford**
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Foreign Litigation
Office of International Judicial Assistance
1100 L Street, NW, Room 8024
Washington, D.C. 20530

Please note that if you anticipate any charges for these records, please contact me prior to mailing so that we can confirm the charges and the availability of funds. *See* Exception to the Right to Financial Privacy Act for International Judicial Assistance Requests Memorandum (enclosed).

For failure to provide said evidence, you may be deemed guilty of contempt and liable to penalties under the law. The recipient of the attached subpoena may, for good cause shown, oppose the giving of evidence, or the circumstances thereof, by motion timely filed with the Court.

Dated this _____ day of _____ 2025.

_____

KRYSTA M. STANFORD, Commissioner
Trial Attorney
United States Department of Justice, Civil
Division
Office of Foreign Litigation
Office of International Judicial Assistance
1100 L Street NW, Room 8024
Washington, DC 20530
Telephone: 202-353-2148
Email: Krysta.M.Stanford@usdoj.gov

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

IN RE: REQUEST FOR JUDICIAL
ASSISTANCE FROM THE DISTRICT
COURT OF ZURICH IN ZURICH,
SWITZERLAND IN THE MATTER OF        Case No. _____
DARIUSZ HENRYK APEK V.
ALEXANDRA CHRISTIANE VON
BUBNOFF

_____ /

### [PROPOSED] ORDER

WHEREAS, the United States, by its counsel, on behalf of the District Court of Zurich in

Zurich, Switzerland, in *Dariusz Henryk Apek v. Alexandra Christiane von Bubnoff*, Foreign

Reference Number WR250240-O, through its Application pursuant to 28 U.S.C. § 1782(a), is

seeking to obtain certain information from StoneX, for use in connection with a judicial

proceeding in the District Court of Zurich in Zurich, Switzerland; and

WHEREAS upon review of the Letter of Request issued by the District Court of Zurich

in Zurich, Switzerland in *Dariusz Henryk Apek v. Alexandra Christiane von Bubnoff*, seeking

evidence from a person that can be found within the jurisdiction of this Court for use in said

judicial proceedings in Switzerland, and the Court being fully informed in the premises.

NOW THEREFORE, it is ORDERED AND ADJUDGED, pursuant to the authority

contained in Title 28, United States Code Section 1782(a), that Krysta M. Stanford, Trial

Attorney for the U.S. Department of Justice, hereby is appointed Commissioner of this Court, to

obtain by subpoena the requested evidence {in the form of a written affidavit} from StoneX for

transmission to the U.S. Department of Justice, Office of Foreign Litigation, Office of

International Judicial Assistance, for transmission to the District Court of Zurich in Zurich,

Switzerland in *Dariusz Henryk Apek v. Alexandra Christiane von Bubnoff*; and to do all else that may be necessary for the accomplishment of the purpose of this Order;

IT IS FURTHER ORDERED that StoneX shall respond to the Office of International Judicial Assistance within the time indicated on the subpoena, which shall be no shorter than 14 calendar days, unless by the same date StoneX files a motion to quash or modify the subpoena for good cause; and

IT IS FURTHER ORDERED that the Office of International Judicial Assistance shall provide StoneX in Chicago, Illinois with a copy of this Order and the accompanying documents.

Dated this _____ day of _____ 2025.

_____

UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

_____

IN RE: REQUEST FOR JUDICIAL
ASSISTANCE FROM THE DISTRICT
COURT OF ZURICH IN ZURICH,
SWITZERLAND IN THE MATTER OF          Case No. _____
DARIUSZ HENRYK APEK V.
ALEXANDRA CHRISTIANE VON
BUBNOFF
_____ /

<u>ATTORNEY DESIGNATION</u>

Comes now, Krysta M. Stanford, of the United States Department of Justice, Civil

Division, Office of Foreign Litigation, Office of International Judicial Assistance and hereby

gives notice of her Attorney Designation for the United States of America for this matter.

Dated:    May 20, 2025              Respectfully submitted,

                        By:   /s/Krysta M. Stanford
                              KRYSTA M. STANFORD
                              Trial Attorney
                              United States Department of Justice, Civil Division
                              Office of Foreign Litigation
                              Office of International Judicial Assistance
                              1100 L Street NW, Room 8024
                              Washington, DC 20530
                              Telephone: 202-353-2148
                              Email: Krysta.M.Stanford@usdoj.gov